IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB SMITH, | Cause No. CV 22-58-H-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER and FINDINGS |
| | AND RECOMMENDATION |
| DESIGNATED HEARINGS OFFICE | OF U.S. MAGISTRATE JUDGE |
| JOHNSON; ROXANNE WIGERT; | |
| WARDEN JAMES SALMONSEN; | |
| MDOC DIRECTOR BRIAN | |
| GOOTKIN, | |
| Defendants. | |

On July 13, 2022, Plaintiff Smith moved to proceed in forma pauperis with this action alleging violations of his civil rights. Smith is a state prisoner proceeding pro se.

## I.  Motion to Proceed In Forma Pauperis

Smith adequately shows he cannot pay the filing fee in full. His motion to proceed in forma pauperis will be granted. *See* 28 U.S.C. § 1915(a)(1).

1

Because Smith is a prisoner, he must pay a $350.00 filing fee in installments taken from his inmate trust account and consisting of 20% of each month's deposits into the account, provided the balance is at least $10.00. The Court will waive the initial partial filing fee because it is not clear Smith could pay it. The total fee and the rate of withdrawal are established by Congress and cannot be altered by the Court. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1), (2), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). A collection order accompanies this Order.

## II.  Screening

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted).

Because Smith is a prisoner and is proceeding in forma pauperis, the Court must review the complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1). A federal court must liberally construe pleadings filed by unrepresented prisoners and extend an opportunity to amend where appropriate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Nonetheless, the Court must dismiss a claim when its defects cannot be

cured by amendment. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

### III. Smith's Allegations

Smith contends that Defendant Wigert "fabricated" a disciplinary report against him in retaliation for his grievances and litigation activities. *See* Compl. (Doc. 2) at 2 ¶¶ 2–3; *id*. at 4 ¶ 7. He also alleges that the hearings officer, Defendant Johnson, denied his due process right to call witnesses and examine evidence at the hearing. Smith claims Johnson said, before the hearing, that there was no evidence, and he had been ordered to find Smith guilty. *See id*. at 4 ¶¶ 5–6. Johnson did, in fact, find Smith guilty. He imposed a sanction of ten days' confinement with credit for four days already served. Smith appealed, but the Warden or designee found the evidence supported Johnson's finding. *See* Compl. Ex. (Doc. 2-1) at 3–9 (hearing and appeal forms).

Smith asserts that he was denied parole "solely" because of the disciplinary hearing fabricated by Wigert, *see* Compl. at 3 ¶ 12, and that Parole Board officer Newman "abused his discretion" by stating that parole was denied based on the severity of Smith's offense and his criminal history as well as "disciplinary," *see id*. at 5 ¶ 9.

### IV. Analysis

"[A] complaint must contain sufficient factual matter . . . to state a claim to

3

relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. Due Process

An inmate is entitled to due process before he is deprived of a liberty interest. But an inmate who is disciplined by ten days' confinement to his cell is not deprived of a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1994); *Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014). Because the penalty imposed for the disciplinary violation did not take away a liberty interest, Smith was not entitled to due process, and his civil rights were not violated by the procedures he describes.

### B. Retaliation

Smith's allegations and exhibits defeat his claims of retaliation. The hearing and appeal forms he submitted show that Wigert reported a group of inmates made threatening and harassing statements to support a work stoppage on the high side. She reported that Smith was the person who aimed at food service workers. Smith stated in his appeal that his cellmate worked in food service. He admitted telling his cellmate that working on the high side would put him at risk. *See* Compl. Ex.

4

(Doc. 2-1) at 3, 7.

Smith's statements could be viewed as a threat or not as a threat. That decision was up to prison staff, not a federal court. Smith fails to allege facts supporting an inference that Wigert lacked a legitimate correctional goal in filing the report. His exhibits show the opposite—there was a legitimate basis for the report. Smith cannot meet at least one of the elements of a claim of retaliation. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

To the extent Smith alleges he was denied parole in retaliation for his litigation activities, he cannot support that claim either. He alleges that his criminal history and the nature of his offense were among the stated reasons for the denial. The disciplinary violation was another reason.  Therefore, Smith also fails to state a claim for retaliation in the denial of his application for parole. There is no need to consider whether one or more of the persons he mentions in connection with the parole denial could be sued under 42 U.S.C. § 1983.

### C. Amendment and Appeal

To state a claim, Smith would have to allege different facts, not merely additional ones. The complaint should be dismissed, without further leave to amend, for failure to state a claim. His filing of this action should count as one strike against him, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and the District Court should

certify that any appeal of its disposition would not be taken in good faith, *see* Fed. R. App. P. 24(a)(3)(A), (4)(B).

Accordingly, IT IS ORDERED that Smith's motion to proceed in forma pauperis (Doc. 1) is GRANTED. A collection order accompanies this Order.

In addition, the Court RECOMMENDS:

1. Smith's complaint should be DISMISSED without further leave to amend for failure to state a claim on which relief may be granted.

2. The docket should reflect that Smith's filing of this action counts as one strike under 28 U.S.C. § 1915(g).

3. The District Court should CERTIFY that any appeal from its disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Smith may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[1] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.

Smith must immediately advise the Court of any change in his mailing address. Failure to do so may result in dismissal of this action without notice to him.

DATED this 21st day of July, 2022.

John Johnston
United States Magistrate Judge