IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB SMITH,<br><br>          Plaintiff,<br>  vs.<br>DHO JOHNSON, ROXANNE WIGERT, JAMES SALMONSEN, BRIAN GOOTKIN,<br><br>          Defendants. | Cause No. CV 22-58-H-BMM-JTJ<br><br>**ORDER** |

Plaintiff Jacob Smith ("Smith"), a state prisoner proceeding without counsel, filed a proposed civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) On August 9, 2022, this matter was dismissed based upon Smith's failure to state a claim on which relief could be granted. (Doc. 7.) Smith appealed. (Doc. 11.) The Ninth Circuit vacated this Court's order and remanded the matter, finding that Smith should be provided the opportunity to amend his complaint. (Doc. 16 at 1.)

This Court then entered an order providing Mr. Smith with an opportunity to file an amended complaint. (Doc. 18.) Smith was informed that absent amendment, this matter was subject to dismissal. (*Id*. at 12.) Smith then sought an

1

extension of time within which to file the document.  (Doc. 19.)  On December 18, 2023, this Court granted Smith's motion and provided an additional 60 day for Smith to file his amended complaint.  (Doc. 20.)   Smith did not timely file an amended complaint.  On February 29, 2024, an order was entered directing Smith to show cause as to why this matter should not be dismissed based upon Smith's failure to prosecute.  (Doc. 21.)  It was also noted that Smith appeared to have been transferred from Crossroads Correctional Center to Montana State Prison but had failed to update his address.  (*Id*. at 2.)  Mail sent to Smith was subsequently returned as "undeliverable."  (Doc. 22.)  It appears Smith has now been released on probation, but again failed to keep the Court appraised of his change in mailing address.[1]  Smith has been informed on multiple occasions that it is his obligation to immediately notify the Court of any change in mailing address and that a failure to do so may result in dismissal.  *See e.g.,* (Doc. 18 at 14); *see also* (Doc. 20 at 2); (Doc. 21 at 2.)

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court.  *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019) (citation omitted).  A court may dismiss an action based on a party's failure

---

[1] *See* Montana Department of Corrections Offender Search: https://app.mt.gov/conweb/Offender/41666/ (accessed March 19, 2024).

2

to prosecute an action, obey a court order, or comply with the local rules.  *See Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint).  The Court may dismiss a case on its own without awaiting a motion.  *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Smith has failed to comply with this Court's order directing him to file an amended complaint, despite being provided a 60-day extension of time to do so.  Smith also

failed to respond to this Court's show cause order. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Smith refuses to comply with the Court's orders. Smith's case has consumed judicial resources and time that could have been better spent on other matters. This factor, therefore, also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondents. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted, although it does not weigh strongly against Smith in the present case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Smith was afforded an adequate amount of time

in which to prepare and file his amended complaint.  He failed, however, to comply with the Court's orders.  Further, Smith was advised that his failure to comply would result in dismissal of the matter.  Such a warning satisfies the considerations of the alternative requirement.  *See Ferdik*, 963 F. 2d at 1262.  Smith had adequate warning that dismissal would result from his noncompliance.  At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits.  *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998).  But in light of the other four factors favoring dismissal, the weight of this factor is slight.  No further resources of the Court will be expended.  This matter will be dismissed based upon Smith's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Accordingly, the Court enters the following:

## ORDER

1.  This matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2.  The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable

person could suppose an appeal would have merit.

DATED this 4th day of April 2024.

_____
Brian Morris, Chief District Judge
United States District Court